[No. 11980.   Department Two.   July 3, 1914.]

WILLIAM H. PIERRE, as *Administrator etc.*, *Respondent*, v.
KANSAS CITY CASUALTY COMPANY, *Appellant*.[1]

INSURANCE—ACCIDENT INSURANCE—ACTIONS—CAUSE OF FIRE—EVI-
DENCE—QUESTION FOR JURY. In an action upon an accident policy in-
suring against accidental injuries "by the burning of a building
while the beneficiary is therein," there is sufficient evidence to make
a question for the jury as to whether the beneficiary's dress caught
fire from the "burning of a building," where the fire was discovered
when she was sitting near a stove in the dining room, and she sup-
posed that a blanket caught fire from the stove, but it appears that
she had just previously been to the kitchen, where a burning stick
was found on the floor, the linoleum and carpet in front of the
kitchen range were on fire, fire had extended to and burned the floor
of the next room, and it is reasonably certain that her dress caught
fire from the fire in the kitchen.

Appeal from a judgment of the superior court for Chehalis
county, Irwin, J., entered November 22, 1913, upon the ver-
dict of a jury rendered in favor of the plaintiff, in an action
upon an accident insurance policy.   Affirmed.

*William E. Campbell*, for appellant.

*A. Emerson Cross* and *Dan Pearsall*, for respondent.

MOUNT, J.—This action was brought by William H.
Pierre, as administrator of the estate of Christine A. Pierre,
deceased, to recover the sum of $5,000, upon an accident
policy of insurance, issued by the defendant to William H.
Pierre.   Christine A. Pierre, his wife, was named in the policy
as the beneficiary; and section 10 of the policy insured her
against the effect of external, violent, and accidental injuries
caused, among other things, "by the burning of a building
while the beneficiary is therein."   The policy provided that, in
event of the loss of the life of the beneficiary under this sec-
tion, the amount payable should be paid to the estate of the

[1]Reported in 141 Pac. 690.

beneficiary. It is alleged in the complaint that Mrs. Pierre lost her life by means of burns caused by the burning of a building while she was therein. The answer denies this fact. Upon the trial before a jury, a verdict was returned in favor of the plaintiff. The defendant has appealed.

It is argued by the appellant that there was no sufficient evidence to go to the jury; and for that reason the court erred in not sustaining the appellant's motion for a directed verdict. This is the only question presented upon the appeal.

The facts, as shown by the respondent's evidence, are about as follows: No evidence was introduced on behalf of the appellant. The Pierre residence was a one-story cottage, consisting of living room, dining room, kitchen, two bedrooms, pantry, and bath. One of these bedrooms was entered from the dining room and the other from the kitchen. Assuming the house faced toward the east, the bedroom entered from the dining room was directly north. An airtight heating stove was situated in the northeast corner of the dining room. The kitchen was immediately to the west of the dining room. A large kitchen range occupied the northeast corner of the kitchen. The bathroom was directly west from the kitchen range. The kitchen bedroom was directly north of the kitchen. There was a passageway about four feet in width between the bathroom and the kitchen range, which passageway led past the front of the kitchen range to the kitchen bedroom. The kitchen floor was covered with linoleum; and there was a piece of carpet extending from the kitchen bedroom on the linoleum in front of the kitchen range. Between the range and the bathroom, and standing partly in the bathroom door, was a clothes rack, upon which some baby's clothing was hanging. Mr. and Mrs. Pierre were living in this home, in the city of Aberdeen, on the 28th day of March, 1912; and the policy above mentioned was in force.

About 10 o'clock in the morning on that date, Mrs. Pierre was attempting to give her three-weeks old baby a bath. Up to that time, Mrs. Pierre had not bathed her baby; a trained

nurse who had gone the evening before had previously done this; and Mrs. Pierre was endeavoring to bathe the baby with the assistance of her servant girl. They had arranged a small bathtub in the dining room near the heating stove, and also a chair upon which was baby's clothing, and a rocker in front of this stove. After these preparations, Mrs. Pierre went into the kitchen to the rack containing clothing in front of the kitchen range, there obtained some of the baby's clothing, and returned to the dining room and closed the door. At this time, there were fires in both the dining room stove and in the kitchen range. After Mrs. Pierre had closed the dining room door and the servant girl had gone on to the back porch or into the basement, she heard Mrs. Pierre cry, "I am on fire." Whereupon she ran into the dining room and found Mrs. Pierre with the baby undressed except its undershirt. Mrs. Pierre's dress was on fire along her right leg. After an unsuccessful attempt to smother the flames, and to remove Mrs. Pierre's dress, the servant girl took the baby and started out of the back door through the kitchen. Mrs. Pierre followed the servant girl into the kitchen, and was by her directed to get a comfort or quilt and wrap up in it and to keep out of the wind. Mrs. Pierre, after obtaining the quilt, followed the servant girl out on to the porch and rolled on the floor in an attempt to put out the flames. Neighbors soon gathered about her, the fire upon her clothing was extinguished, and she was carried into the house. She had been severely burned, so that she soon after died from the effects of the fire. While she was being carried into the house, it was discovered that the linoleum and carpet in front of the kitchen range were on fire. The fire had extended into the bedroom to the north of the kitchen, and was burning upon the floor in that room. This fire was immediately extinguished, and it was discovered that the floor had burned so that the nails in the tongues and grooves of the floor were exposed. The house was full of smoke.

A physician was immediately called. When the physician arrived, Mrs. Pierre was still conscious and remained so for a few hours. The physician asked her how she caught fire. She told him that it was caused by the stove; that she was bathing the baby as she was sitting by the stove and that the blanket caught fire from the front of the stove. The physician noticed that the stove had a fire in it but that the stove door and the draft were closed. At the time the fire was extinguished in the kitchen bedroom and in front of the kitchen range, a piece of stovewood partially burned and burning was found upon the floor.

It is argued by the appellant, from these facts, that there was no sufficient evidence to go to the jury of the fact that the fire which burned Mrs. Pierre was caused by the burning of the building. We are satisfied, from a reading of the abstract of the evidence, that the evidence tending to prove that the fire which burned Mrs. Pierre and caused her death originated from the burning of the building was sufficient to be submitted to the jury. No one saw how the fire occurred. It is apparent from the record that Mrs. Pierre herself did not know how it started. She was evidently sitting by the dining room stove at the time she discovered that her clothing was on fire. She naturally supposed that she caught fire from the stove. She apparently did not know that there was a fire on the floor of the kitchen. She had been to the place where evidently the fire was burning on the kitchen floor a few minutes before she discovered herself to be on fire. We find no evidence in the record that the fire in front of the kitchen range and in the bedroom could have originated from the fire which was burning the clothing of Mrs. Pierre, because it is not shown that she was at that place except when she went to obtain the baby's clothing from the clothes rack. So it is reasonably certain that the fire was burning upon the floor in the kitchen at the time she was there prior to the time she discovered herself to be on fire, and that her dress became ignited at that time. Not knowing of that fire, it was

natural for her to suppose that she in some manner had caught fire from the stove by which she was sitting at the time she discovered that her clothing was burning.

It is apparently conceded by the appellant that, if the clothing of Mrs. Pierre caught fire from the fire which was burning the building, then the appellant is liable under the policy. But it is argued that, in submitting the case to the jury, the court permitted the jury to guess and speculate as to the origin of the fire which caused Mrs. Pierre's death. It is no doubt the rule that the jury will not be permitted to speculate between causes for which the appellant would and would not be liable. But where the circumstances are such as to make it reasonably certain that the cause of the injury was one for which the appellant was liable, the evidence is sufficient to go to the jury. The circumstances disclosed by the record point almost conclusively to the fact that the injury to Mrs. Pierre was caused by fire which was burning the building in the kitchen, and was not caused by the dining room stove. The court very clearly instructed the jury that, if the fire which caused Mrs. Pierre's death was caused by the dining room stove, that then there could be no recovery; but if they found by a preponderance of the evidence that the fire which caused her death was the fire in front of the kitchen range and which was burning the building, then the appellant would be liable. We are satisfied that there was sufficient evidence to go to the jury upon this question, and the judgment is therefore affirmed.

CROW, C. J., PARKER, MORRIS, and FULLERTON, JJ., concur.